**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

CASE NO. 05-80554
HON. LAWRENCE P. ZATKOFF

v.

VICTOR CASTANO, D-1,

          Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 6, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Victor Castano's Motion to Dismiss Federal Indictment and Motion to Disclose the Identity of the Confidential Informant. Plaintiff United States has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motions are DENIED.

**II. BACKGROUND**

**A. Facts**

On June 17, 2005, Defendant Victor Castano was charged by Indictment with Felon in

Possession of a Firearm, 18 U.S.C. § 922(g); Possession with Intent to Distribute Marijuana, 21 U.S.C. § 841(a)(1); and Carrying a Firearm During a Drug Trafficking Crime, 18 U.S.C. § 924(c).  Castano's federal charges arose from his July 17, 2004 arrest by the St. Clair County Sheriffs.  Castano was arrested based on the July 17, 2004 investigation, and later search, of a truck being driven by him.

According to the police report, on July 17, 2004, at approximately 3 p.m., the county sheriffs were advised by a confidential informant that a short, overweight Hispanic male, in his 30's named Victor would be involved in a large scale marijuana transaction between 4 p.m. and 5 p.m at the Norway Bar parking lot in Avoca.  *See* Plaintiff's Response Brief to Defendant's Motion for Disclosure, at 2.  At around 4:30 p.m., St. Clair County Sheriff's Deputies observed a pick-up truck enter the parking lot.  At 5:05, the confidential informant informed St. Clair County Sheriff's deputies that "Victor" would be driving a black and silver Dodge pick-up, license plate 1371 ME, that the marijuana would be in a box in the back end of the truck, and that the truck would be leaving the parking lot shortly.  *See id*.  When the pick-up truck that the deputies had already observed, and which matched the informant's description, began to leave the parking lot a few minutes later, the deputies conducted a traffic stop of the truck.  The deputies recovered a box containing marijuana from the readily visible open bed of the truck.  After the arrest of the truck's passengers, Defendant Victor Castano and co-Defendant Melissa Sue Gordon, the deputies took possession of the truck in order to impound it.  While conducting an inventory search prior to impounding the truck, the deputies recovered a loaded handgun from the front seat console.  *See id*., at 2-3.

**B. Procedural History**

Shortly after the arrest, Castano was charged in the 72nd District Court and charged with Possession with Intent to Deliver Marijuana, Carrying a Concealed Weapon, and being a Felon in Possession of a Firearm. *See* Defendant's Brief in Support of Motion to Dismiss, at 1. On September 27, 2004, pursuant to an agreement with the St. Clair County Prosecuting Attorney's Office, Castano pled guilty to Count 1, Possession with Intent to Deliver Marijuana. In exchange for the guilty plea, the Prosecutor's Office agreed to dismiss counts two and three of the indictment. The state court accepted the guilty plea and referred Castano's case to the state probation department for the preparation of a pre-sentence report. *Id*. at 2.

On October 1, 2004, the Government filed a Criminal Complaint charging Castano with federal drug and firearms violations. Those charges were replaced by the current Indictment of June 17, 2005.

On October 15, 2004, after Defendant's pre-sentence report was completed and two weeks before his scheduled sentencing, the St. Clair County Prosecuting Attorney's Office requested the court to dismiss the case. *See id*. at 2. The county prosecutor apparently requested the dismissal because the case was to be prosecuted in federal court, where the penalties were substantially greater. *See id*. On October 19, 2004, the court granted the motion and dismissed the case without prejudice. *See id*.

### III. ANALYSIS

**A. Motion to Dismiss Federal Indictment**

Defendant argues that jeopardy attached on September 27, 2004, when the state court

3

accepted Defendant's guilty plea, and also argues that "[t]he actions of the St. Clair County Prosecuting Attorney's Office constituted a breach of the plea agreement. . . ." Defendant's Brief, at 2. Additionally, Defendant asserts that the "intertwined relationship between the federal government and county prosecutor" has tainted the instant federal prosecution, requiring dismissal of the present federal indictment. *Id*. Defendant's argument fails as a matter of law.

The federal and state governments are dual sovereigns that may prosecute the same conduct independently under their respective laws. *See Heath v. Alabama*, 474 U.S. 82 (1985) (Each sovereign "has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses, and in doing so each 'is exercising its own sovereignty, not that of the other.'") The Supreme Court further explained in *Heath* that "the Federal Government has the right to decide that a state prosecution has not vindicated a violation of the "peace and dignity" of the Federal Government. *Id*. at 93. Additionally, the Court stated that "[t]he proposition the State and Federal Governments may punish the same conduct 'is too plain to need more than statement.'" *Id*. at 89 (citation omitted). This Court agrees and finds that Defendant Castano could have been prosecuted in both state court and federal court in this matter. Accordingly, there was no violation of double jeopardy when the state court dropped its charges against Castano. Simply stated, the state's decision to cease prosecuting Castano has no effect on the federal government's ability to prosecute him.

Defendant also asserts that the federal indictment should be dismissed, arguing that the county prosecutor's decision to drop state charges was in "breach" of the plea agreement. This argument also fails. As explained above, Castano could have been prosecuted in both state and federal court. Accordingly, the state court's decision to dismiss charges against Castano, a decision

made independently from the federal prosecution, has no effect on the current federal prosecution. In addition, in its brief, the Government correctly explained that because the county dismissed the state charges, "the Defendant received no conviction in state court, a better result than if the Saint Clair County Prosecutor had sought to enforce the plea bargain to which the defendant had agreed." Plaintiff's Response Brief, at 8.

For these reasons, the Court denies Defendant's Motion to Dismiss the Indictment.

## B. Motion to Disclose the Identity of the Confidential Informant

By this motion, Defendant asserts that the "timing, nature, and detail of the information allegedly provided by the confidential source suggests that he/she was a direct participant in the alleged transaction" and that Defendant should be allowed to interview the confidential informant in order to prepare for trial. Defendant's Brief, at 1. The Court disagrees.

The Supreme Court explained the "informer's privilege" in *Roviaro v. United States*, 353 U.S. 53 (1957). The privilege refers to the "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Id*. at 59 (citations omitted). The Court further explained:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id*. Nevertheless, the privilege gives way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. . . ." *Id*. at 60.

The Sixth Circuit addressed the informer's privilege exception in *United States v. Sharp*, 778

F.2d 1182, 1187 (6th Cir. 1985), explaining that "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."  The Sixth Circuit also explained in *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir. 1993) that "[i]f the evidence on which the defendant was convicted was obtained personally by the government agents who did testify, the government is not required to produce the cooperating individual."

The Court finds that Defendant has not met its burden under either *Sharp* or *Jenkins*. Defendant has not produced any evidence indicating that the confidential informant was a direct participant in the alleged drug transaction.  Instead, based on the Government's assertions, it appears to the Court that the confidential informant was a mere tipster to the crime, and that the Government will limit its evidence against Defendant to that which was obtained personally by the Government and its agents.

For these reasons, Defendant's Motion to Disclose the Identity of the Confidential Informant is denied.

## V. CONCLUSION

For the above reasons, Defendant Victor Castano's Motion to Dismiss Federal Indictment and Motion to Disclose the Identity of the Confidential Informant are HEREBY DENIED.

IT IS SO ORDERED.


Date:   September 6, 2005

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE


S:\Marie ECF\05-80554.castano.dismiss.wpd