**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO. 05-80554
HON. LAWRENCE P. ZATKOFF

v.

VICTOR CASTANO, D-1,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 28, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Victor Castano's Motion to Reconsider Defendant's Request for the Disclosure of Identity and for Production of the Government Informant. Pursuant to E.D. MICH. LR 7.1(g)(2), no response and no oral argument is permitted. For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

**II. ANALYSIS**

On September 6, 2005, the Court denied Defendant's Motion to Disclose the Identity and for Production of the Government Informant, explaining: "it appears to the Court that the confidential informant was a mere tipster to the crime, and the Government will limit its evidence against Defendant to that which was obtained personally be the Government and its agents."

Opinion, at 6. Defendant now asks the Court to reconsider its Opinion based on his belief that the testimony of Sgt. Mouilleseaux at the September 8, 2005 evidentiary hearing raised the issue of whether the confidential informant was a direct participant to the crime.

A motion for reconsideration is governed by E.D. MICH. LR 7.1(g)(3), which states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

The Court finds that Defendant has failed to demonstrate a palpable defect by which the Court was misled. At the September 8, 2005 evidentiary hearing, evidence was introduced showing that Defendant Victor Castano was arrested after St. Clair County Sheriff's Deputies discovered a large box of marijuana in the bed of his truck. Testimony further indicated that the arrest was predicated on information obtained by Deputies from the confidential informant.

As explained in the Court's September 6, 2005 Opinion, the Sixth Circuit held in *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir. 1993) that "[i]f the evidence on which the defendant was convicted was obtained personally by the government agents who did testify, the government is not required to produce the cooperating individual." The Court finds that *Jenkins* is applicable in the present case. Furthermore, nothing from the September 8, 2005 evidentiary hearing has given the Court reason to reconsider its conclusion that the confidential informant was a mere tipster to the crime and not a direct participant. For these reasons, Defendant's Motion for Reconsideration is DENIED.

### III. CONCLUSION

For the above reasons, Defendant's Motion for Reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

                                       s/Lawrence P. Zatkoff
                                       LAWRENCE P. ZATKOFF
                                       UNITED STATES DISTRICT JUDGE

Dated: September 28, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 28, 2005.

                                       s/Marie E. Verlinde
                                       Case Manager
                                       (810) 984-3290