UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              CASE NO. 05-80554
     Plaintiff,                    HON. LAWRENCE P. ZATKOFF

v.

VICTOR CASTANO,

     Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 27, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Victor Castano's September 7, 2005 Motion to Suppress Statement. Plaintiff United States has responded. In addition to the briefs submitted by the parties, the Court conducted an evidentiary hearing on October 20, 2005. For the reasons set forth below, Defendant's Motion is DENIED.

**II. BACKGROUND**

Defendant Victor Castano was arrested by St. Clair County Sheriffs on July 17, 2004 for possession of marijuana and a firearm. Castano was charged in state court for this offense, and was represented by attorney Cy Abdo. On September 27, 2004, Castano pled guilty pursuant to an agreement with the St. Clair County Prosecuting Attorney's Office. The state court accepted

Castano's guilty plea and referred his case to the state probation department for preparation of a pre-sentence report.

On October 1, 2004, the United States (hereinafter, "the Government") filed a warrant and Criminal Complaint charging Castano with federal drug and firearm violations stemming from his state arrest. Shortly thereafter, on October 19, 2004, the state case was dismissed without prejudice.

Over the following months, the F.B.I. unsuccessfully attempted to locate Castano. On June 5, 2005, the F.B.I. located Castano in St. Clair Shores and arrested him on the federal charges. Following his arrest, Castano was transported to the St. Clair Shores Police Department where he was interviewed by F.B.I. agents Fleming and Opperman. By the present motion, Defendant seeks to suppress the statements he made during this interview.

On June 17, 2005, Defendant Victor Castano was charged by Indictment with Felon in Possession of a Firearm, 18 U.S.C. § 922(g); Possession with Intent to Distribute Marijuana, 21 U.S.C. § 841(a)(1); and Carrying a Firearm During a Drug Trafficking Crime, 18 U.S.C. § 924(c).

### III. ANALYSIS

Defendant asserts two independent theories in support of his Motion to Suppress: (1) violation of his Sixth Amendment right to counsel and (2) violation of his Fifth Amendment right not to incriminate himself.

**A. Sixth Amendment Right to Counsel**

    **1. Legal Standard**

The Sixth Amendment of the U.S. Constitution provides that, "in all criminal prosecution, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The Supreme

Court explained in *McNeill v. Wisconsin* that this right attaches at the first formal proceeding against an accused. *McNeill v. Wisconsin*, 501 U.S. 171, 175 (1991) (The right to counsel attaches "*after* the adverse positions of government and defendant have solidified with respect to a particular alleged crime."). Additionally, the Supreme Court has explained that the right is "offense-specific", meaning that it cannot be invoked once for all future prosecutions.

Even though the right is "offense-specific" and Castano had not yet been indicted in the federal case, Defendant argues that the present facts qualify under the exception for those cases where the state and federal prosecutions are "inextricably intertwined" or "closely related." *See* Defendant's Brief, at 5. Defendant asserts that "[i]t is clear the State and Federal Government were working in concert with respect to the initiation of federal charges and dismissal of the original state charges." *Id*.

**2. Evidentiary Hearing**

At the evidentiary hearing, the Government responded to Defendant's assertion by calling Agent Fleming, the F.B.I. "Case Agent" on the Castano matter, to testify. Agent Fleming stated that the F.B.I. was not involved in Castano's June 17, 2004 arrest, and that he first learned of Castano's arrest in August 2004 during a phone call with the St. Clair County Sheriff's Department. The phone call was made in relation to the F.B.I.'s investigation of the Devil's Disciples, a club to which Castano belonged. When Fleming learned of Castano's arrest, he became interested in Castano's case and offered that the F.B.I. would take over the case. The St. Clair County officer did not object. Agent Fleming prepared a warrant and a complaint. Both were filed on October 1, 2004 in federal court.

Shortly after the federal Complaint was filed, Agent Fleming learned that Castano had

already pled guilty in state court. He called the St. Clair County Prosecutor, who then agreed to dismiss its complaint against Castano. On October 19, 2004, St. Clair County dismissed Castano's case without prejudice.

### 3. Legal Analysis

Based on the above evidence, the Court does not believe that the state and federal prosecutions of Castano were "inextricably intertwined" or "closely related." The interaction between the federal and state prosecutions was minimal at best, only involving a handful of telephone calls between agents of the state and federal governments. Accordingly, the Court finds no Sixth Amendment violation because Castano's Sixth Amendment right to counsel had not yet attached at the time of his June 5, 2005 interview. Defendant's Motion to Suppress pursuant to the Sixth Amendment is denied.

## B. Fifth Amendment Right to Counsel

### 1. Legal Standard

The Fifth Amendment of the U.S. Constitution provides that "No person . . . shall be compelled in any criminal case to be a witness against himself." Pursuant to *Miranda* and its progeny, if a suspect requests counsel at any time during a custodial interrogation, the questioning must cease until a lawyer is made available or the suspect re-initiates the questioning. *See Miranda v. Arizona*, 384 U.S. 436 (1966); *see also Edwards v. Arizona*, 451 U.S. 477 (1981). When a defendant asserts that a confession has been coerced, the Government bears the burden of proving by a preponderance of the evidence that the confession was voluntary. *See U.S. v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999).

Defendant Victor Castano asserts that he requested counsel both before and during his

interrogation and that, despite this, the interrogation continued.

### 2. Evidentiary Hearing

At the evidentiary hearing, Defendant Victor Castano testified to the following facts. Following his June 5, 2005 arrest, he was taken to the St. Clair Shores Police Department for interrogation. After being held a short time in a holding cell, Castano was taken to an interrogation room. Also present in the interrogation room were F.B.I. agents Fleming and Opperman. Castano told the agents that he wanted to call attorney Terry Price. Castano alleges that he met with Price in January of 2005, prior to his federal arrest, and retained him to represent him in his federal case.

Defendant testified that, despite his requests, the agents refused to allow him to make any phone calls and began the interrogation. The agents read Castano his *Miranda* rights and asked him to read the waiver portion of the document. Castano did so and then signed the document waiving his *Miranda* rights. Officers Fleming and Opperman also signed the document as witnesses, and then proceeded to interview Castano for the next hour. At the hearing, Castano testified that he did not fully understand his *Miranda* rights when he signed the waiver, and that he could not recall the meaning he attached to the waiver form. He signed the form because he felt that he "had to" if he wanted to be placed back in the holding cell.

Also at the evidentiary hearing, the Government presented the testimony of Agents Fleming and Opperman. Both agents testified that Castano never requested an attorney and that they did not coerce Castano into answering their questions. They read Castano his *Miranda* rights one line at a time and he expressed his understanding after each line was read. The agents then had Castano read aloud the waiver section of the form and then asked Castano to sign the form. Castano signed the waiver and the agents signed as witnesses. Over the next hour, the agents interviewed Castano

and he cooperated. Agent Fleming took notes for the interview. The interview ended when Castano determined that he would not sign a written statement.

On cross-examination, Agents Fleming and Opperman testified that they were unfamiliar with the name "Terry Price" and did not recall Castano requesting any such attorney.

### C. Findings of Fact and Legal Analysis

As to the credibility of the witnesses, the Court was guided by the appearance and conduct of the witnesses, by the manner in which they testified, and by the character of the testimony given. The Court had an opportunity to view the witnesses' reactions to questions, their hand and eye movement, and their facial expressions. Additionally, the Court considered the witnesses' intelligence, motive, state of mind, demeanor, and manner while testifying. The Court also considered each witnesses' ability to observe the facts to which he or she testified and whether the witness appeared to have an accurate recollection of the relevant circumstances.

After weighing the testimony of Agents Fleming and Opperman against the conflicting testimony of Defendant Victor Castano, the Court finds that Castano's testimony was not credible. Castano's testimony is difficult to reconcile with a number of facts.

First, Castano's assertion that he requested to phone attorney Terry Price conflicts with the undisputed fact that Castano signed the Advice of Rights form waiving his right to an attorney. The form clearly stated:

> You have the right to talk to a lawyer for advice before we ask you any questions.
>
> You have the to have a lawyer with you during questioning.
>
> If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
>
> If you decide to answer questions now without a lawyer present, you have the right

to stop answering at any time.

Castano signed just under the form's statement that "I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present." The Court finds that Castano's decision to sign the form is not consistent with his testimony that he requested an attorney. Instead, the signed form supports the testimony of Agents Fleming and Opperman that Castano never asked to contact an attorney.

Next, the Court finds Castano's explanation for signing, that he did not understand the form, further undermines his credibility. The language on the form is clear and should not have caused any difficulty for a man with an associate's degree to understand. When asked on cross-examination to explain what his understanding of the form was at the time he signed it, Castano answered that he could not recall. An additional fact suggesting that Castano understood the form is that Castano has had prior contact with the criminal justice system. This contact should have given Castano a heightened understanding of the importance of his *Miranda* rights.

After first explaining that he did not understand the form, Castano then testified that he felt he "had to" sign the form. Nevertheless, no evidence presented at the hearing suggests that Castano was threatened by the federal agents in any way during the interrogation. Furthermore, the testimony indicated that during the interview Castano refused to answer a question about who he had stayed with during the months preceding his arrest. The agents permitted Castano not to answer the question and moved on to other questions. This fact supports the Agents' testimony that Castano was cooperative throughout the interview and suggests that Castano was not being coerced to answer any questions.

In addition to not accepting Castano's explanations as to why he signed the form, the Court

7

finds that Castano's explanations further undermine the overall credibility of his testimony, and further support the credibility of the federal agents' testimony.

For these reasons, the Court finds that Agents Fleming and Opperman were credible witnesses and accepts their testimony that Castano never requested an attorney. Accordingly, Defendant's Motion to Suppress pursuant to the Fifth Amendment is denied.

## IV. CONCLUSION

For the above reasons, Defendant's Motion to Suppress Evidence is HEREBY DENIED.

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: October 27, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 27, 2005.

    s/Marie E. Verlinde
    Case Manager
    (810) 984-3290