UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 05-80554
    Hon. Lawrence P. Zatkoff

VICTOR CASTANO,

    Defendant.
_____/

## SENTENCING OPINION

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 12, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court to resentence Defendant on Counts I and II of the indictment. For the following reasons, the Court reimposes its original sentence, which falls roughly at the midpoint of the advisory Sentencing Guidelines range. Accordingly, Defendant is sentenced to a 42-month term of imprisonment for Count I and a 42-month term of imprisonment for Count II, which terms are to be served concurrently.

### II. BACKGROUND

On June 17, 2004, Defendant was stopped by police officers acting pursuant to a tip that Defendant would be involved in an illegal drug transaction that evening. A search of the vehicle Defendant was driving revealed a substantial amount of marijuana and a loaded handgun. Defendant was arrested and was subsequently indicted on the following charges: Count I—Violation of 18 U.S.C. § 922(g)(1)—Felon in Possession of a Firearm; Count II—Violation of 21 U.S.C. §

841(a)(1)—Possession with Intent to Distribute—Marijuana; and Count III—Violation of 18 U.S.C. § 924(c)—Carrying a Firearm During and in Relation to a Drug Trafficking Crime.

On February 21, 2006, Defendant pleaded guilty to Count II of the indictment but exercised his right to trial by jury on Counts I and III. The jury returned a verdict of guilty on both counts. On May 16, 2006, the Court sentenced Defendant to concurrent 42-month terms on Counts I and II, and to a 60-month consecutive term on Count III.

Defendant appealed the jury verdict on the grounds that insufficient evidence existed to convict him on Counts I and III and that the jury was improperly instructed on Count III. The Sixth Circuit upheld the convictions on the sufficiency of the evidence challenges but reversed the conviction on Count III, holding that the jury instructions given by the Court, which were jointly submitted and agreed upon by the parties, improperly instructed the jurors on an element of the offense. *See United States v. Castano*, 543 F.3d 826, 838 (6th Cir. 2008). The case was remanded for proceedings consistent with the court's opinion. *Id*.

The United States Probation Department prepared a revised Presentence Investigation Report (PSR) pertaining only to Counts I and II. The revised PSR provides that each of Counts I and II have an offense level of 20, and that Defendant's criminal history score is Level II. Applying these findings, a Sentencing Guidelines range of 37-46 months was calculated. This is the same range that was calculated for Counts I and II prior to Defendant's original sentencing, and the parties agree that the range is properly calculated.

Defendant submitted a sentencing memorandum, wherein he requests that the Court reimpose his original sentence of 42 months on Counts I and II. In support, Defendant attaches five certificates awarded by FCI-Milan for completing classes and serving as a welding instructor while

incarcerated.

The government also submitted a sentencing memorandum. The government asks the Court to reimpose Defendant's entire original sentence of 102 months, despite the fact that the original sentence included a mandatory 60-month consecutive term for Count III. To bolster this argument, the Government cites *Pasquarille v. United States*, 130 F.3d 1220 (6th Cir. 1997), and maintains that the "sentencing bundle" theory explained in that case extends to the current case. Additionally, the government attaches as an exhibit a profanity-laden letter penned by Defendant, in which the government alleges that Defendant threatens a government witness. Defendant filed a response to the government's memorandum.

### III. ANALYSIS

**A. The Parties' Arguments**

Defendant requests that the Court reimpose his original sentence and has submitted evidence of his achievements while in prison; however, the Court cannot consider these exhibits in determining Defendant's sentence. *See* USSG § 5K2.19 ("Post-sentencing rehabilitative efforts, even if exceptional . . . are not an appropriate basis for a downward departure when resentencing the defendant for that offense"); *see also United States v. Worley*, 453 F.3d 706 (6th Cir. 2006).

The government asks that the Court resentence Defendant to 102 months based on *Pasquarille*. The Court finds *Pasqaurille* to be inapplicable to the current proceeding. The defendant in *Pasquarille* was found guilty of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), but the district court later vacated his § 924(c) conviction. *Id*. at 1221. After the § 924(c) conviction was vacated, the Guidelines range was recalculated to include a two-level enhancement on the § 841(a)(1) count due to the presence of a firearm during the crime. *Id*. The defendant then was

3

sentenced within the new, enhanced Guidelines range. *Id*.

Here, the revised PSR calculated the Sentencing Guidelines range for Counts I and II to be 37-46 months, and both parties agree that this range is correct. Thus, the government is not asking the Court to resentence Defendant within an enhanced Guidelines range, as was the case in *Pasquarille*, but rather asks that the Court depart upward from the current Guidelines range by 56 months. For the reasons discussed below, the Court declines this invitation.[1]

## B. Resentencing Hearing

The Court has determined that a hearing is not necessary in order to resentence Defendant in this matter, and it will briefly discuss the reasoning used in reaching this decision.

There are two considerations involved in making this determination. The first is whether Defendant has a right to be heard at a resentencing hearing. It is well-settled in this circuit that Defendant does not have a right to allocution at a resentencing hearing. *See United States v. Jeross*, 521 F.3d 562, 585 (6th Cir. 2008); *United States v. Coffey*, 871 F.2d 39, 41 (6th Cir. 1989).

The remaining question is whether Defendant is entitled to be present at a resentencing hearing, even though he would not be entitled to allocution. The Court has carefully considered the applicable rules and statutes and finds that they do not provide a dispositive answer to the question. A review of case law, however, provides some guidance.

In *United States v. Denne*, 23 F.3d 408 (6th Cir. 1994) (table opinion), the Sixth Circuit held that the defendant was not entitled to be present at a hearing at which he was resentenced following a violation of his supervised release. *Id*. at *2. The Sixth Circuit found that the defendant

---

[1] This may come as a surprise to Defendant, who colorfully characterized the undersigned in the government's exhibit letter as a "republican conservative 20 year senior hanging fucking judge. Who stuck it too [sic] me good because I wouldn't cooperate."

4

previously had the opportunity to present evidence at the original sentencing, that the district judge did not consider new evidence when resentencing the defendant, and that the new sentence was not greater than the one previously imposed. *See id.* Additionally, the United States Supreme Court stated that a criminal defendant's due process rights are not violated if his presence would not "contribute to the fairness of the procedure" or where his "'presence would be useless, or the benefit but a shadow.'" *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106-07 (1934)). While *Stincer* is factually dissimilar—it involved the defendant's absence at a witness competency hearing—the Court finds the reasoning persuasive.

As the Court is: (1) resentencing Defendant only on his Count I and II convictions, neither of which was disturbed by the Sixth Circuit's opinion; (2) not considering new evidence;[2] and (3) reimposing the original sentence; the Court finds that Defendant is not prejudiced by the Court's decision to resentence Defendant without a hearing. *See, e.g.*, *United States v. Hadden*, 112 Fed. Appx. 907, 908 (4th Cir. 2004) (holding that any error in resentencing without a hearing was harmless when the defendant raised no new sentencing issues).

**C. Sentencing Guidelines and § 3553 Factors**

The overarching goal of 18 U.S.C. § 3553, the federal sentencing statute, instructs the Court to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. ___, 128 S. Ct. 558, 570 (2007) (internal quotation marks omitted). In determining an appropriate sentence, the Court must consider the

---

[2]As previously stated, Defendant's submitted evidence cannot properly be considered. Further, while the Court was not in possession of the allegedly threatening letter submitted by the government at the time of Defendant's original sentencing hearing, the Court had received other communications touching upon such allegations prior to that sentencing. Thus, that evidence is not "new."

5

factors in 18 U.S.C. § 3553, along with the advisory Sentencing Guidelines range. *See United States v. McBride*, 434 F.3d 470 (6th Cir. 2006).

The Court has carefully considered each sentencing factor listed at § 3553(a), the advisory Sentencing Guidelines range, and all other relevant evidence. For the reasons enunciated on the record at Defendant's original sentencing hearing, the Court finds that a sentence of 42 months imprisonment, which falls roughly at the midpoint of the Guidelines range, on each of Counts I and II, to be served concurrently, is reasonable and "sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough*, 128 S. Ct. at 570.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendant is sentenced to a 42-month term of imprisonment for Count I and a 42-month term of imprisonment for Count II, which terms are to be served concurrently.

IT IS FURTHER ORDERED that, as it pertains to Counts I and II, Defendant is sentenced to the same terms of supervised release and special assessments as were imposed at the original sentencing hearing. Thus, Defendant is sentenced to three years of supervised release on Count I and four years of supervised release on Count II, which terms are to be served concurrently. In addition to the standard conditions of supervision, Defendant's supervised release shall include mandatory drug testing as a special condition of supervision. Defendant must also pay a $100.00 special assessment on each of Counts I and II, for a total special assessment of $200.00.

IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2009

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 12, 2009.

                                            S/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290